UNITED STATES of America,
Plaintiff–Appellee,

v.

Amadeo MEDINA–IBARRA,
Defendant–Appellant.

No. 05–50701.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 24, 2006.

Filed Nov. 14, 2006.

Christopher R. McFadden, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Leila W. Morgan, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILER *, TASHIMA, and BEA, Circuit Judges.

### MEMORANDUM **

Appellant Amadeo Medina–Ibarra appeals from his conviction of being a deported alien found in the United States in violation of 8 U.S.C. § 1326, and from the sentence of 70 months. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

Medina–Ibarra attempts to evade the force of § 1326(d) by insisting that his challenge is not a collateral attack of the underlying deportation proceeding, but a challenge to the statutory elements of a § 1326(a) offense—that the government failed to prove the required element that he had previously been "deported." Medina–Ibarra claims he was not "deported" for purposes of 8 U.S.C. § 1326 because he was physically removed to Mexico by federal agents before he could appeal his deportation order. He relies on *United States v. Fermin–Rodriguez*, 5 F.Supp.2d 157 (S.D.N.Y.1998), for support. While it is true that the court there held that the defendant had not been "deported," *id.* at 158, the case is distinguishable because there, the defendant had been removed "without a facially valid deportation order." *Id.* at 164. The court distinguished that situation from one in which there is an "enforceable deportation order, although there may have been infirmities in the process that produced the order...." *Id.* Here, there was a facially valid deportation order, making it more like the latter situation where there is an enforceable deportation order, "although there may have been infirmities in the process that produced the order." Therefore, we conclude that § 1326(d) controls this case.

Medina–Ibarra cannot challenge his earlier deportation because he did not meet the requirements for a collateral attack under 8 U.S.C. § 1326(d). Under 8 U.S.C. § 1326(d), an alien may not collaterally attack the deportation order underlying a criminal proceeding under § 1326 "unless the alien demonstrates that—(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

Medina–Ibarra did not establish that the entry of the earlier deportation order against him was fundamentally unfair. "An underlying removal order is 'fundamentally unfair' if: (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Ubaldo–Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (internal punctuation and citation omitted). Medina–Ibarra does not, and cannot, claim any prejudice. As the district court noted, Medina–Ibarra had been convicted of an aggravated felony before

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

his deportation proceeding, "[a]nd even if [he] had appealed [the deportation order], the aggravated felony would have precluded any discretionary relief by the executive department."

Medina–Ibarra's claim that his deportation was unlawful, and therefore did not constitute a deportation under § 1326, was squarely rejected by the Supreme Court in *United States v. Mendoza–Lopez,* 481 U.S. 828, 835–36, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Moreover, an alien must make a showing of prejudice even "when the attack is on the ground that there has been a deprivation of the right to direct appeal of the administrative proceedings." *United States v. Proa–Tovar,* 975 F.2d 592, 595 (9th Cir.1992) (en banc). In a nutshell, Medina–Ibarra's appeal of his deportation order was a lost cause from the beginning, since he had been earlier convicted of an aggravated felony. The loss of the right to appeal under these circumstances did not constitute prejudice.

Medina–Ibarra asserts the grand jury was erroneously instructed, and this error constitutes structural error requiring dismissal of the indictment. As Medina–Ibarra concedes, this argument is foreclosed by *United States v. Navarro–Vargas,* 408 F.3d 1184 (9th Cir.2005) (en banc).

■ Medina–Ibarra challenges the enhancement provision of 8 U.S.C. § 1326(b)(2). The Supreme Court expressly upheld the treatment of recidivism as a sentencing factor in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Further, *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621

* This panel unanimously finds this case suitable for decision without oral argument. *See*

(2005), explicitly recognize the *Almendarez–Torres* principle.

AFFIRMED.